1  COLLINSON LAW
2  A Professional Corporation
   Laura E. Inlow, State Bar No. 130584
3     E-mail: inlow@collinsonlaw.net
4  21515 Hawthorne Blvd., Suite 800
   Torrance, California 90503
5  Telephone: (424) 212-7777
6  Facsimile: (424) 212-7757
   Attorneys for Defendants, DEPUTY CARLOS MEJIA (erroneously sued herein as
7  "Deputy Mejac") and DEPUTY MATTHEW NOWOTNY (erroneously sued
8  herein as "Deputy Nowo")

9

10                    UNITED STATES DISTRICT COURT
11           CENTRAL DISTRICT OF CALIFORNIA, CENTRAL DIVISION
12

13 | ERIK TAYLOR,                          | Case No. CV12-03380 JFW (SS)
14 |          Plaintiff,                   |
15 |                                       | **DEFENDANTS' MOTION FOR
   | v.                                    | DISMISSAL OF PLAINTIFF'S
16 |                                       | COMPLAINT OR, IN THE
   | DEPUTY MEJAC, LOS ANGLES              | ALTERNATIVE, FOR A MORE
17 | COUNTY SHERIFF'S DEPUTY NO.            | DEFINITE STATEMENT
   | 488379; DEPUTY NOWO, LOS              | PURSUANT TO FEDERAL RULES
18 | ANGELES COUNTY SHERRIFS               | OF CIVIL PROCEDURE 12(b)(6) &
   | DEPUTY NO. 478745 et al.,             | 12(e); DECLARATION OF LAURA
19 |                                       | E. INLOW; [Proposed] ORDER**
20 |          Defendants.                  |
                                           | DATE: August 21, 2012
21                                         | TIME: 10:00 a.m.
22                                         | COURTROOM: 16
                                           | HONORABLE: Suzanne H. Segal
23
                                           | [Filed concurrently with Certificate of
24                                         | Interested Parties]
25                                         | Action Filed: April 24, 2012
26

27

28

-1-
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR DISMISSAL OF PLAINTIFF'S COMPLAINT

**TO PLAINTIFF ERIK TAYLOR IN PRO PER:**

**PLEASE TAKE NOTICE** that on August 21, 2012, at 10:00 a.m. or as soon thereafter as the matter may be heard at the courtroom of the Honorable Suzanne H. Segal, United States Magistrate Judge, located at 312 North Spring Street, Los Angeles, CA 90012, Defendants, DEPUTIES CARLOS MEJIA and MATTHEW NOWOTNY (hereinafter referred to collectively as "Defendants"), will and hereby do move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing plaintiff's complaint for failure to state a claim upon which relief can be granted.

In the alternative, Defendants move for a more definite statement on these issues pursuant to Federal Rule of Civil Procedure 12(e).

This motion is made following attempts to meet and confer as required by Local Rule 7-3. (See Declaration of Laura E. Inlow).

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the declaration of Laura E. Inlow, all papers, pleadings, and records on file herein, and on such other matters as may properly come before the Court at the hearing.

///

///

///

COLLINSON LAW
A Professional Corporation

BY: _____/s/_____
Laura E. Inlow, Esq.
Attorneys for Defendants, DEPUTY CARLOS MEJIA (erroneously sued herein as "Deputy Mejac") and DEPUTY MATTHEW NOWOTNY (erroneously sued herein as "Deputy Nowo")

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

From the docket it appears plaintiff in pro per filed his complaint on or about April 24, 2012. As best that can be determined from the complaint, his action concerns an alleged encounter with two Sheriff Deputies on January 14, 2012 at which time plaintiff alleges he was subjected to the use of pepper spray. Yet, plaintiff's complaint fails to establish sufficient facts showing the nature of the allegations or the claimed causes of action. Plaintiff's handwritten complaint appears to enumerate four causes of action but all the causes of action are simply titled "42 U.S.C. §1983 against all defendants." Additionally, in paragraph 14, plaintiff alleges that he was pepper sprayed by Deputy Nowo (sic). Then, in paragraph 15, plaintiff alleges that Deputy Mejac (sic) sprayed him with pepper spray. Defendants cannot ascertain if one or both of the deputies is alleged to have used pepper spray against plaintiff. Then, in paragraph 24, plaintiff appears to allege a violation of his first amendment rights. However, nowhere in the complaint does he state that any action was taken as a result of anything he was saying during his encounter with the deputies. As such, plaintiff's complaint should be dismissed or, in the alternative, plaintiff should be ordered to file a first amendment complaint with a more definite statement of the underlying facts and allegations.

///

## II. AUTHORTY FOR MOTION

This Court has stated the well-known rule:

"A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. … A Rule 12(b)(6) dismissal is proper where there is either a 'lack of cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory'" (*Summit Technology, Inc. v. High-Line Medical Instruments, Co.* (C.D. Cal. 1996) 933 F. Supp. 918, 927, *citing Balistreri v. Pacifica Police Dept.* (9th Cir. 1988) 901 F. 2d 696, 699.)

Yet, while it is true that a court must accept as true all material allegations in the Complaint, as well as reasonable inferences to be drawn from them, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. (*Id.*) Such conclusory and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. (*Anderson v. Clow (In re Stac Elecs. Sec. Litg.*) (9th Cir. 1996) 89 F. 3d 1399, 1403.) To withstand scrutiny under Rule 12(b)(6), the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." (*Scheid v. Fanny Farmer Candy Shops, Inc.* (6th Cir. 1988) 859 F. 2d 434, 436 (internal quotations omitted).)   Moreover, if the complaint fails on a motion to dismiss, it should be dismissed with prejudice if amendment would be futile. (*Reddy v. Litton Indus., Inc.* (9th Cir. 1990) 912 F. 2d 291, 296.)

Alternatively, defendants request a more definite statement from plaintiff pursuant to Federal Rule of Civil Procedure Section 12(e). Such request is appropriate as the allegations of plaintiff's Complaint are so indefinite that defendants cannot ascertain the nature of the claims asserted. (*Falmore, Inc. v. Edison Bros. Stores, Inc.* (E.D. Cal. 1981) 525 F. Supp. 940, 949.)

### III.   PLAINTIFF'S COMPLAINT FAILS AS A MATTER OF LAW

Plaintiff's complaint appears to allege that defendants improperly subjected him to pepper spray and/or violated his first amendment rights. However, plaintiff provides no articulable facts supporting these claims.

Federal Rule of Civil Procedure Rule 12(b)(6) provides:

"Every defense, in law or fact, to a claim for relief in any pleading, whether claim, counter-claim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted." (*Fed.R.Civ. Proc.* 12(b)(6)).

A motion to dismiss under FRCP 12(b)(6) tests the sufficiency of the complaint (*Navarro v. Block* (9th Cir. 2001) 250 F.3d 729, 732). Dismissal of a claim under the rule is appropriate where it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. (*Id.*; *Conley v. Gibson* (1957) 35 U.S. 41, 45-46). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. (*Robinson v. Dean Whittier*

1  *Reynold, Inc.* (9th Cir. 1984) 749 F.2d 530, 534). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. (*Id.*)

In the instant matter, plaintiff has failed to specify what exactly each defendant was alleged to have done or how defendants violated his federally protected rights. In order for plaintiff to prove liability as to either deputy, he must establish the deputy's direct involvement as liability under 42 U.S.C. §1983 is personal in nature. (*Vanderburgh v. Solano Co.* (2008 U.S. Dist. LEXIS 105898).

## IV  PLAINTIFF HAS NOT ALLEGED THE PRIMA FACIE ELEMENTS OF A 42 U.S.C. §1983 CLAIM

In relevant part, 42 U.S.C. §1983 provides:

"Every person, who under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."

In order to establish a prima facie case under Section 1983, the plaintiff must meet two essential elements. First, it must be established that "the conduct complained of was committed by a person acting under color of state law." Second, it must be established that "this [actually] deprived the person of rights, privileges or immunities secured under the Constitution or laws of the United

-7-
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR DISMISSAL OF PLAINTIFF'S COMPLAINT

States." (*Parratt v. Taylor* (1991) 451 U.S. 527, 535; *West v. Atkins* (1988) 487 U.S. 42).

In the instant action, plaintiff has alleged that law enforcement personnel were acting under color of law when the alleged acts occurred. However, the issue in the instant action hinges on whether either defendant violated any of plaintiff's constitutionally protected rights. The vague, ambiguous and bare bones complaint fails to establish any constitutional violation by either of the defendants. The vague and ambiguous complaint also makes it impossible for defendants to assert appropriate immunities and defenses.

A complaint which fails to comply with Rules 8(a) and 8(e) of the Federal Rules of Civil Procedure maybe dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (*Schmidt v. Herrmann* (9th Cir. 1980) 614 F.2d 1221). For example, in *McHenry v. Renne* (9th Cir. 1996) 84 F.3d 1172, the District Court dismissed plaintiff's complaint pursuant to Federal Rule of Civil Procedure, Rules 8, 12 and 41 because it did not contain a short plain statement of the claims for relief, did not give the defendants the fair opportunity to frame a responsive pleading, and did not give the court a clear statement of the claims.

## V.  REQUEST FOR A MORE DIFINITE STATEMENT

In the event that the court elects not to dismiss plaintiff's complaint in its entirety, these moving defendants respectfully request that the court order the plaintiff to provide a more definite statement, pursuant to Federal Rule of Civil

Procedure, Rule 12(e), as to the claims and allegations alleged in the instant complaint.

## VI. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court grant the instant motion to dismiss plaintiff's complaint or, in the alternative, issue an order directing plaintiff to file a first amended complaint with a more definite statement of the alleged facts, allegations and causes of action.

DATED: July 25, 2012   Respectfully submitted,

COLLINSON LAW
A Professional Corporation

BY: _____/s/_____
Lisa D. Collinson, Esq.
Laura E. Inlow, Esq.
Attorneys for Defendants, Attorneys for Defendants, DEPUTY CARLOS MEJIA (erroneously sued herein as "Deputy Mejac") and DEPUTY MATTHEW NOWOTNY (erroneously sued herein as "Deputy Nowo")

.

## DECLARATION OF LAURA E. INLOW

I, Laura E. Inlow declare as follows:

1. I am an attorney at law duly licensed practice for all courts in the state of California as well as the Ninth Circuit and am a partner with the law firm of Collinson Law, A Professional Corporation, attorneys of record for defendants herein.

2. I have personal knowledge of the facts stated herein and if called to testify could and would competently testify thereto under oath.

3. On July 23, 2012, I had a telephone conversation with plaintiff in pro per, Erik Taylor, in which we discussed my intention to file the instant motion.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed this 25th day of July 2012, at Torrance, California.

BY: _____/s/_____
Laura E. Inlow, Esq.