1

JENNER & BLOCK LLP
Christopher C. Chiou (Cal. Bar No. 233587)

2

cchiou@jenner.com
L. David Russell (Cal. Bar No. 260043)

3

drussell@jenner.com
Nary Kim (Cal. Bar No. 293639)

4

nkim@jenner.com
633 West 5th Street, Suite 3600

5

Los Angeles, CA 90071
Telephone:   (213) 239-5100

6

Facsimile:   (213) 239-5199

7

Attorneys for Plaintiff Erik Taylor

8

9
UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10

11

12

ERIK TAYLOR,

13

Plaintiff,

14

v.

15

CARLOS MEJIA, Los Angeles County
Sheriff's Deputy; MATTHEW

16

NOWOTNY, Los Angeles County
Sheriff's Deputy

17

18

Defendants.

Case No. 2:12-cv-3380-FMO-SS

**PLAINTIFF'S FIRST AMENDED
COMPLAINT**

**JURY TRIAL REQUESTED**

19

20

21

22

23

24

25

26

27

28

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this case under 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).  This action arises under the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth Amendment to the Constitution of the United States.

2.     Venue is proper under 28 U.S.C. § 1391 because Defendants work in and, on information and belief, reside in this district.  Moreover, the events or omissions giving rise to this claim occurred in this district.

**PARTIES**

3.     Plaintiff is, and was at all times relevant to this complaint, a citizen of the United States and a resident of Los Angeles, California.  Plaintiff suffers from the chronic lung disease asthma.

4.     On information and belief, Defendant Carlos Mejia is, and was at all times relevant to this complaint, employed as a Los Angeles County Sheriff's deputy, and was acting under color of law in the capacity of an agent, servant, and employee of the Los Angeles County Sheriff's Department.  He is being sued in his official and individual capacities.

5.     On information and belief, Defendant Matthew Nowotny is, and was at all times relevant to this complaint, employed as a Los Angeles County Sheriff's deputy, and was acting under color of law in the capacity of an agent, servant, and employee of the Los Angeles County Sheriff's Department.  He is being sued in his official and individual capacities.

**FACTS**

6.     On January 14, 2012, Plaintiff was sitting inside of a non-moving car parked outside of his home.  Plaintiff sat inside the stationary car, with the engine turned off, drinking his morning coffee and making a call on his mobile phone.

7.     Plaintiff had been sitting in his car for a few minutes when Defendants drove their patrol car onto Plaintiff's street and stopped their patrol car next to

FIRST AMENDED COMPLAINT

Plaintiff's parked car.  Without explanation, Defendants ordered Plaintiff to get out of the car.

8.      Having done nothing wrong, Plaintiff asked Defendants, "What seems to be the problem?"  Again, without explanation, Defendants pulled Plaintiff out of the car and threw him against the trunk.

9.      Defendants gave Plaintiff a pat down, during which they removed Plaintiff's wallet from his body.  The contents of the wallet included Plaintiff's driver's license, his medical marijuana license, and a Susan B. Anthony dollar coin that had once belonged to Plaintiff's grandfather.  Plaintiff's wallet was later returned to him without the Susan B. Anthony coin.

10.      After placing Plaintiff's hands in handcuffs, Defendants placed Plaintiff in the back of the patrol car.

11.      Defendants claimed they were arresting Plaintiff that day for possession of marijuana that Plaintiff had in the glove box of his automobile. Plaintiff purchased this marijuana from a licensed medical marijuana dispensary with a valid medical marijuana license.  Despite Plaintiff's possession of a valid medical marijuana license on his person, and despite being informed multiple times that Plaintiff holds a valid medical marijuana license, Defendants took Plaintiff into custody for possession of marijuana, and drove him to the Century Regional Detention Facility.

12.      Upon arrival at the Century Regional Detention Facility, Plaintiff's fear about the arrest, subsequent treatment by Defendants, and imminent detention at the Century Regional Detention Facility began to mount.  Plaintiff started to vomit – throwing up the coffee he had drank that morning.

13.      An ambulance was called.  Plaintiff had been vomiting for several minutes when the ambulance arrived at the scene.

\\\

\\\

FIRST AMENDED COMPLAINT

14.    In order to transport Plaintiff to the hospital, Plaintiff was strapped onto a gurney and wheeled into the ambulance.  Plaintiff's hands were also un-handcuffed, then re-handcuffed tightly to the gurney.

15.    While Plaintiff was handcuffed and strapped securely to the gurney, the paramedics indicated they wanted to prick his finger with a needle.  Plaintiff explained to the paramedics that he did not want them to prick his finger with a needle.

16.    As Plaintiff tried to explain to the paramedics that he did not want his finger pricked by the needle, Defendants shot Plaintiff in the face with pepper spray at point blank range while Plaintiff was handcuffed and strapped to the gurney.  Defendants continued to shoot Plaintiff in the face with pepper spray until the entire bottle had been emptied.  As Plaintiff was strapped down and subjected to pepper spray, no one did anything to intervene.

17.    Among other injuries, the pepper spray caused serious injuries to Plaintiff's eyes.  After being pepper-sprayed by Defendants, Plaintiff was taken by ambulance to a hospital and later released.  Because his eyes still burned from the pepper spray, Plaintiff decided to visit another hospital.  There, Plaintiff was diagnosed with corneal abrasions.  Plaintiff had to have his eyes flushed out with saline water for a period of two hours.  Plaintiff was sent home with medicated eye drops and instructions on how to apply them to treat his eyes.

**SECTION 1983 CLAIM AGAINST DEFENDANTS
FOR USE OF EXCESSIVE FORCE AND FAILURE TO INTERVENE IN
VIOLATION OF THE FOURTH AMENDMENT**

18.    The allegations of paragraphs 1 through 17 are incorporated herein by reference.

19.    Plaintiff has a clearly-established right under the Fourth Amendment to the United States Constitution to be free from excessive force.

FIRST AMENDED COMPLAINT

20.     As described above, Defendants used excessive force against Plaintiff, while Plaintiff was handcuffed and securely strapped to a gurney.

21.     In light of the facts and circumstances confronting Defendants, their use of force was excessive and unreasonable.

22.     Defendants also failed to intervene to prevent the use of excessive force against Plaintiff.  Defendants knew that excessive force was being employed against Plaintiff and had the opportunity to intervene to prevent the use of excessive force against Plaintiff, but failed to do so.

23.     Defendants, while acting under color of law, intentionally, maliciously, and wantonly, and/or with callous or reckless indifference to Plaintiff's constitutional rights, deprived Plaintiff of his constitutionally-protected right to be free from the use of excessive force.

24.     As a direct and proximate result of Defendants' use of excessive force and failure to intervene with the use of excessive force, Plaintiff suffered substantial injury.  Accordingly, Defendants are liable to Plaintiff under 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court provide relief as follows:

25.     Monetary damages for the physical injuries, emotional and mental distress, and other harm Plaintiff has suffered from the denial of his constitutional right to be free from excessive force.

26.     In the alternative, nominal damages for the denial of Plaintiff's constitutional right to be free from excessive force.

27.     Punitive damages for the individual defendants' callous indifference to violating Plaintiff's constitutional rights.

28.     Attorneys' fees, costs, and expenses, pursuant to 42 U.S.C. § 1988.

29.     Such other and further relief as the Court deems just and proper.

\\\

4

DATED:      February 13, 2015          JENNER & BLOCK LLP


                                  By:  */s/ Christopher C. Chiou*
                                       Christopher C. Chiou

                                  Attorneys for Plaintiff Erik Taylor