COLLINSON LAW
A Professional Corporation
Laura E. Inlow, State Bar No. 130584
    E-mail: inlow@collinsonlaw.net
21515 Hawthorne Blvd., Suite 800
Torrance, California 90503
Telephone: (424) 212-7777
Facsimile: (424) 212-7757
Attorneys for Defendants, CARLOS MEJIA and MATTHEW NOWOTNY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, CENTRAL DIVISION

| | |
|---|---|
| ERIK TAYLOR,<br><br>               Plaintiff,<br><br>v.<br><br>CARLOS MEJIA, Los Angeles County Sheriff's Deputy; MATTHEW NOWOTNY, Los Angeles County Sheriff's Deputy,<br><br>               Defendants. | Case No. CV12-03380 FMO (SS)<br><br>Hon. Fernando M. Olguin<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Action Filed: April 24, 2012<br>Trial Date: November 3, 2015 |

COME NOW Defendants CARLOS MEJIA and MATTHEW NOWOTNY (hereinafter "defendants") and answering the First Amended Complaint (FAC) of Plaintiff ERIK TAYLOR (hereinafter "plaintiff") on file herein for themselves alone and no other Defendants, admit, deny and allege as follows:

**JURISDICTION AND VENUE**

    1.    In answering Paragraph 1 of Plaintiff's FAC, these answering Defendants admit to the allegations contained therein and that jurisdiction properly lies with this court.

1

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

2. In answering Paragraph 2 of Plaintiff's FAC, these answering Defendants admit that venue is properly with this court.

## PARTIES

3. Defendants admit the allegations contained in paragraph 3 of the FAC.

4. In answering Paragraph 4 of Plaintiff's FAC, these answering Defendants admit that Deputy Carlos Mejia was an employee of the Sheriff's Department and was acting in the course and scope of his employment on the date of the alleged incident.

5. In answering Paragraph 5 of Plaintiff's FAC, these answering Defendants admit that Deputy Matthew Nowotny, was an employee of the Sheriff's Department and was acting in the course and scope of his employment on the date of the alleged incident.

## FACTS

6. In answering Paragraph 6 of Plaintiff's FAC, these answering Defendants deny the allegations contained therein.

7. In answering Paragraph 7 of Plaintiff's FAC, these answering Defendants admit the allegation contained therein that defendants approached plaintiff's vehicle and deny the balance of the allegations.

8. In answering paragraph 8 of Plaintiff's FAC, these answering Defendants deny the allegations contained therein.

9. In answering paragraph 9 of Plaintiff's FAC, these answering Defendants deny the allegations contained therein.

10. In answering paragraph 10 of Plaintiff's FAC, these answering Defendants admit the allegations contained therein.

11. In answering paragraph 11 of Plaintiff's FAC, these answering Defendants deny the allegations contained therein with the exception that plaintiff was taken into custody and transported to the Century Regional Detention Facility.

12. In answering paragraph 12 of Plaintiff's FAC, these answering Defendants lack sufficient information on which to either admit or deny the allegations contained therein, and on that basis, deny the allegations.

13. In answering paragraph 13 of Plaintiff's FAC, these answering defendants admit that an ambulance was called.

14. In answering paragraph 14 of Plaintiff's FAC, these answering defendants admit that Plaintiff was handcuffed to a gurney but deny the balance of the allegations.

15. In answering paragraph 15 of Plaintiff's FAC, these answering defendants admit that the paramedics needed to prick Plaintiff's finger but deny the balance of the allegations contained therein.

16. In answering paragraph 16 of Plaintiff's FAC, these answering defendants deny the allegations contained therein.

3
DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

17. In answering paragraph 17 of Plaintiff's FAC, these answering Defendants lack sufficient information on which to either admit or deny the allegations contained therein, and on that basis, deny the allegations.

## FIRST CAUSE OF ACTION
(42 U.S.C. section 1983)

18. In answering Paragraph 18 of Plaintiff's FAC, these answering Defendants admit the allegations contained therein concerning venue and jurisdiction.

19. In answering Paragraph 19 of Plaintiff's FAC, these answering Defendants admit the allegations contained therein.

20. In answering Paragraph 20 of Plaintiff's FAC, these answering Defendants deny the allegations contained therein.

21. In answering Paragraph 21 of Plaintiff's FAC, these answering Defendants deny the allegations contained therein.

22. In answering Paragraph 22 of Plaintiff's FAC, these answering Defendants deny the allegations contained therein.

23. In answering Paragraph 23 of Plaintiff's FAC, these answering Defendants deny the allegations contained therein.

24. In answering Paragraph 24 of Plaintiff's FAC, these answering defendants deny the allegations contained therein.

## REQUEST FOR RELIEF

25. In answering Paragraphs 25 to 29 of Plaintiff's FAC, these answering Defendants deny the allegations contained therein and assert that all claims for damages and all claims of violations of plaintiff's rights are unfounded and meritless.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim for Relief)

26. The First Amended Complaint, in whole or in part, fails to allege facts sufficient to constitute a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Qualified Immunity)

27. The individual defendants are entitled to qualified immunity from liability by reason of *Harlow v. Fitzgerald* (1982) 475 U.S. 800, and its progeny.

### THIRD AFFIRMATIVE DEFENSE
(Probable Cause)

28. At all times relevant to this litigation, reasonable probable cause existed to believe that Plaintiff had committed a public offense and, therefore Defendants' actions were reasonable and appropriate.

## FOURTH AFFIRMATIVE DEFENSE
## (Comparative Negligence)

29. At the time of the incident referred to in the Plaintiff's First Amended Complaint, Plaintiff was negligent or at fault and failed to use that degree of care and caution which a reasonably prudent person would have used under the same or similar circumstances.

## FIFTH AFFIRMATIVE DEFENSE
## (Fourteenth Amendment)

30. The Fourteenth Amendment does not protect against all deprivations of liberty but protects only against deprivations of liberty accomplished without due process of law. *Baker v. McCollan* (1979) 99 S. Ct. 2689.

## SIXTH AFFIRMATIVE DEFENSE
## (Proposition 51)

31. Defendants assert that provisions of *Civil Code* §1431 to 1431.5 limit Defendants' liability, if any, for non-economic damages by a direct proportion to the percentage of fault as allocated by the trier of the fact.

## SEVENTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate Damages)

32. Plaintiff has failed, in whole or in part, to mitigate his damages.

### EIGHTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

33. The First Amended Complaint is barred in whole or in part by the applicable statute of limitations, including but not limited to California *Code of Civil Procedure* §§340 and 352.1.

### NINTH AFFIRMATIVE DEFENSE
### (Reasonable Force)

34. The force used by Defendants, if any, was authorized by law and reasonable under the totality of the circumstances.

### TENTH AFFIRMATIVE DEFENSE
### (Government Code Section 985)

35. In the event Plaintiff received any benefits from a public or private source as a result of the events described herein, *Government Code* § 985 mandates an offset.

### ELEVENTH AFFIRMATIVE DEFENSE

36. That any injury or damage, if any, suffered by plaintiff was a direct, proximate, and sole cause or result of plaintiff's pre-existing physical bodily condition on, prior to, and subsequent to, all times relevant to the claims in plaintiff's First Amended Complaint.

### TWELFTH AFFRIMATIVE DEFENSE
### (Immunity-Official Capacity Status)

37. Defendants, if being sued in their official capacity, are immune from the imposition of punitive damages.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Negligence of Others)

38. The damages alleged were directly and proximately caused and contributed to by the negligence of other persons, and the extent of damages sustained, if any, should be reduced in proportion to the amount of said negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Immunity Provided by Statute)

39. Defendants are immune from liability pursuant to the provisions of the following California statutes, each of which is set forth as a separate and distinct affirmative defense:

> *Government Code* §§820.2, 820.4, 820.8, 821.6, 822.2, 844.6, 845.6, and 845.8; *Civil Code* §43.55, and the California *Penal Code*.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Mere Negligence)

40. Mere negligence is an in sufficient predicate upon which to base a Constitutional violation.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

41. At all times herein mentioned, Defendants acted in good faith without malice, and within the scope of their duties as Deputy Sheriffs for the County of Los Angeles. As such, these Defendants are entitled to qualified immunity.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### ( No Basis for Punitive Damages)

42. That there is no basis in fact for the imposition of punitive damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

43. That the incident referred to Plaintiff's First Amended Complaint and all injuries and damages, if any, resulting therefrom were the result of an unavoidable incident so far as these answering Defendants are concerned.

**NINETEETH AFFIRMATIVE DEFENSE**

44. In the event these answering Defendants are found to be negligent, then these answering Defendants may choose to have future damages, if in excess of the amount specified in *Code of Civil Procedure* §667.7, paid in whole or in part as specified in the *Code of Civil Procedure*.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Reservation of Right to Assert Additional Defenses)**

45. These Defendants presently have insufficient knowledge or information upon which to form a belief as to whether Defendants may have additional affirmative defenses to Plaintiff's First Amended Complaint. Defendants reserve the right to assert additional defenses in the event that discovery indicates that such affirmative defenses are appropriate.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury.

WHEREFORE, these answering Defendants pray as follows:

1. That Plaintiff takes nothing by way of his First Amended Complaint;

2. That these answering Defendants be awarded attorney's fees and costs of suit incurred herein; and

3. For such other and further relief as the Court deems just and proper.

Dated: February 17, 2015        COLLINSON LAW
                                A Professional Corporation

                        BY:     _____/s/_____
                                Laura E. Inlow, Esq.
                                Attorneys for Defendants,
                                Carlos Mejia and Matthew Nowotny